United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50365
Summary Calendar

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

    v.

CARLOS SALGUERO-ACOSTA

                    Defendant - Appellant

                    --------------------
        Appeal from the United States District Court
            for the Western District of Texas
                USDC No. 3:04-CR-1915-2
                    --------------------

Before KING, DeMOSS and PRADO, Circuit Judges.

PER CURIAM:*

    Carlos Salguero-Acosta (Salguero) appeals his conviction for

possession with intent to distribute marijuana and conspiracy to

commit same.  He argues that the evidence was insufficient to

support a finding beyond a reasonable doubt that he knew 167

pounds of marijuana had been hidden in his tractor-trailer.

    Assuming arguendo that the marijuana was indeed "hidden" in

Salguero's tractor-trailer, and viewing the evidence in the light

most favorable to the Government, United States v. Ivy, 973 F.2d

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1184, 1188 (5th Cir. 1992), we hold that the following nonexclusive list of circumstantial evidence established Salguero's guilty knowledge: (1) Salguero gave inconsistent statements to authorities about his citizenship and claimed to have lost his permanent resident card, which was later found in his wallet; (2) Salguero appeared nervous when asked to produce the load's manifest; (3) neither Salguero nor his co-defendant ever produced the manifest; (4) the men were not taking the most direct route to their purported destination; (5) Salguero used a suitcase full of marijuana as a pillow while purportedly sleeping in the cab's sleeper compartment; (6) Salguero was found in possession of a large amount of cash, for which no COMcheck receipt was produced and to which a canine alerted; and (7) Salguero made a spontaneous statement during his fingerprinting suggesting that he knew the source of the marijuana. See United States v. Martinez-Lugo, 411 F.3d 597, 599 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005).

The jury was free to discredit Salguero's co-defendant's exculpatory testimony. See United States v. Garza, 990 F.2d 171, 174 (5th Cir. 1993). In light of the foregoing, a reasonable trier of fact could have found that the evidence established Salguero's guilty knowledge beyond a reasonable doubt. See United States v. Jaramillo, 42 F.3d 920, 922-23 (5th Cir. 1995) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

AFFIRMED.